**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAE'ZHION SCOTT,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6374** |
| | : | |
| **CLARK,** *et al.***,** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                    MARCH 9, 2025

Plaintiff Dae'Zhion Scott, a convicted prisoner currently incarcerated at SCI Benner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from an alleged incident of excessive force that occurred at the Chester County Prison while he was a pretrial detainee.[1]   Currently, before the Court are Scott's Complaint against Chester County Prison Correctional Officers Clark, Walston, and Slayter.  (Compl. at 2-3.) ("Compl." (ECF No. 1)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5), and his Prisoner Trust Fund Account Statement (ECF No. 6).  For the following reasons, the Court will grant Scott leave to proceed *in forma pauperis* and will dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Scott is granted leave to file an amended complaint.

---

[1]       Public records indicate that Scott was convicted on August 23, 2024 when he entered a guilty plea to robbery and related offenses. *Commonwealth v. Scott*, CP-15-CR-0001789-2022 (C.P. Chester).

## I.    FACTUAL ALLEGATIONS[2]

The allegations in Scott's complaint are brief.  Specifically, he alleges that at 10:00 p.m. on January 24, 2024, in the prison hallway on K Block at Chester County Prison, Defendant Clark grabbed him by the neck and slammed him down onto a table while choking him, then threw him to the floor, climbed on top of him and cocked his fist back as if to punch him.  (Compl. at 5.)  At that point, Defendant Walston arrived to assist Clark, and flipped Scott over to detain him.  (*Id*.)  Then, Defendant Slayter and other unidentified officers dragged Scott off the block, where they began to "assault" Scott, and "improperly handled" him.  (*Id*.)

Scott was transported to the hospital, where he underwent an MRI study that showed broken bones in his shoulder, as well as a dislocation; injuries which will require surgery.  (*Id*.)  In addition to the injuries to his shoulder, Scott has experienced back pain and headaches, for which he has been given Tylenol.  (*Id*.)  Scott asserts Eighth Amendment excessive force claims against the Defendants.  (*Id*. at 3.)  He seeks money damages.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Scott leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]    Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v.*

---

[2]    The factual allegations set forth in this Memorandum are taken from Scott's Complaint (ECF No. 1).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Scott's pleading will be corrected for clarity.

[3]    Because Scott is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Scott is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Scott asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*

*v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

  **A.** *Official Capacity Claims*

  Scott asserts claims against the Defendants, who are identified as employees of Chester County Prison, in their official capacities.  (Compl. at 2-3.)  Claims against municipal employees in their official capacities are indistinguishable from claims against the governmental entity that employs them, here, Chester County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*

  In order to state an official capacity claim against the Defendants' employer, Chester County, Scott must allege that a municipal policy or custom caused the alleged constitutional violations giving rise to his claims.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support an official capacity/*Monell* claim.  *See, e.g.*, *Szerensci v. Shimshock*, No.

20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

Scott does not include any factual allegations in his Complaint describing any custom or policy of Chester County that resulted in a violation of his constitutional rights. Accordingly, he has not stated a plausible official capacity claim against the Defendants. These claims will be dismissed without prejudice.[4]

**B.**     *Excessive Force Claims*

Scott claims that each of the Defendants used excessive force against him during the January 24, 2024 incident. (*See* Compl.) Excessive force claims brought by convicted prisoners are analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause, while claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015); *Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021). The distinction is significant because the "language of the two Clauses differs, and the nature of the claims often differs." *Kingsley*, 576 U.S. at 400. When a convicted prisoner brings an Eighth Amendment excessive force claim against a prison official, the court must consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).

---

[4]     Scott asserts claims against Clark in his individual capacity as well as his official capacity but asserts only official capacity claims against Walston and Slayter. (*See* Compl. at 2-3.) The Court will liberally construe the Complaint to assert claims against these Defendants in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

The malicious-and-sadistic standard for an Eighth Amendment claim is subjective, but an objective standard is applied to a Fourteenth Amendment claim. *See Kingsley*, 576 U.S. at 400 (explaining that the reason for the lesser standard in a Fourteenth Amendment claim is that "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically'"); *Jacobs*, 8 F.4th at 194 ("In 2015, the Supreme Court clarified that the subjective Eighth Amendment standard does not apply to pretrial detainees.").

Because Scott was a pretrial detainee during the relevant event, to state a due process violation based on excessive force, a pretrial detainee must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley* 576 U.S. at 396-97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs*, 8 F.4th at 194 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts should analyze "these circumstances 'from the perspective of a reasonable officer on the scene'" while keeping in mind that decisions about force require the expertise of correctional officers, "'who must have substantial discretion to devise reasonable solutions to the problems they face.'" *Id.* at 195 (quoting *Kingsley*, 576 U.S.

Even construing the Complaint liberally, Scott's allegations concerning the Defendants' use of excessive force are not sufficiently developed to state a plausible claim. While Scott provides fairly descriptive allegations regarding the extent of the force used by Clark, he does not

provide any allegations describing the circumstances surrounding the incident. Without these allegations, the Court cannot determine whether the degree of force used by Clark was objectively unreasonable. With respect to Walston, Scott alleges only that he arrived to assist Clark, and flipped Scott over to detain him. (Compl. at 5.) He does not allege that Walston injured him or that the flipping was otherwise objectively unreasonable force. As to Slayter, Scott alleges that he, along with other COs, dragged him off the block, "assaulted" him, and "improperly handled" him in the hallway. (*Id.*) These undeveloped allegations are not sufficient to state a plausible excessive force claim. *Accord Chandler v. Hoffman*, No. 24-3400, 2024 WL 4543065, at *3 (E.D. Pa. Oct. 22, 2024) (dismissing excessive force claim on statutory screening where allegations were too undeveloped to state plausible claims); *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) ("Sampson's bare allegation that he was 'assaulted' is insufficient to state an excessive force claim."). Scott's claims will be dismissed without prejudice, and he will be granted leave to amend these claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Scott will be granted leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*